UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK ANDRE, *et al*.

                        Plaintiffs,

INVENERGY LLC,

                        Defendant.
_____

**DECISION AND ORDER**

14-CV-00765-JJM

Before the court is defendant's motion pursuant to Fed. R. Civ. P. ("Rule") 37(b) for dismissal of plaintiff Julie Beck's personal injury claims, due to her failure to submit to an independent medical examination. [94].[1] Having reviewed the parties' submissions [94, 96], for the following reasons the motion is granted.

## BACKGROUND

Plaintiff Beck alleges that the operation of defendant's wind turbines has caused her to sustain personal injury, namely migraine headaches and stress from interrupted sleep. Plaintiff's interrogatory answers [94-3], p. 3; plaintiff's deposition [94-4], p. 75. My November 15, 2019 Text Order [93] directed that "the independent medical examinations of the . . . plaintiffs seeking damages for alleged personal injuries shall be completed by December 13, 2019".

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

On November 22, 2019, defendant's attorney, Dennis McCoy, e-mailed Richard Lippes, the attorney for plaintiff Beck and the other plaintiffs, stating: "Please advise if you have confirmed 12/13 for the IMEs [independent medical examinations] of your four clients claiming personal injuries. Our doctor is traveling in from out of town and needs to make travel arrangements". [94-8]. Mr. Lippes replied that same day, stating: "I am still waiting on one plaintiff, but let[']s go with 12/13, and I[']ll twist her arm. Let me know location and time." [94-9].

However, on the evening of December 10, 2019, Mr. Lippes left Mr. McCoy a voicemail message stating that plaintiff Beck "was no longer available to appear for her scheduled IME on December 13, 2019, due to her work schedule". McCoy Declaration [94-1], ¶26. The next day, Mr. McCoy's associate, Danielle Cardamone, e-mailed Mr. Lippes, inquiring: "What time could Julie Beck be available on Friday? We have spoken to Dr. Ellenbogen and he may be able to see her soon after the work day on Friday. Please advise as soon as possible. We must advise that should Ms. Beck not appear for her scheduled IME as per the Court Order, Defendant will take the position that she is in violation of the Court Order and will take the necessary steps to move to have her claims for personal injuries dismissed." [94-11].

Mr. Lippes did not respond to that inquiry, nor did plaintiff Beck appear for an IME on December 13, 2019. In a January 6, 2020 e-mail to Mr. McCoy, Mr. Lippes stated: "I told [plaintiff Beck] that if she didn't show her personal injury claim would be dismissed. I certainly acknowledge that I don't have an argument to oppose a motion to dismiss the personal injury claim. However, I can't voluntarily dismiss without client approval, which I am waiting for." [94-15].

Responding to defendant's motion for dismissal, Mr. Lippes states that he "informed Ms. Beck that if she did not appear for the IME it was likely that the Defendant would move to dismiss her personal injury claim. Nevertheless, Ms. Beck still maintain[ed] that she could not miss any time from work, and could only appear for an IME on the weekend or in the evenings. The Defendant made an accommodation for Ms. Beck for their doctor to stay into the early hours of the evening in order to accommodate Ms. Beck but she still said she would not have enough time to drive to Buffalo after her work to appear for the IME." Lippes Affidavit [96] ¶¶5-7.

**DISCUSSION**

"There are two basic limitations upon a district court's discretion in imposing sanctions pursuant to Rule 37(b)(2). The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991).

Both requirements are satisfied here. "Severe sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." Daval Steel, 951 F.2d at 1367. Plaintiff Beck willfully refused to appear for her IME, even after defendant offered to conduct the examination after normal work hours, and the IME was necessary to explore her personal injury claims. For example, she testified that "I've had headaches on and off my entire life, but I think I'm having more now". [94-4], p. 75. Therefore, the IME could have shed light on the extent to which her alleged headaches were caused by defendant's wind turbines.

## CONCLUSION

For these reasons, plaintiff Beck's claims for personal injuries (namely migraine headaches and stress from interrupted sleep) are dismissed.

**SO ORDERED.**

Dated: March 10, 2020

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
