UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK ANDRE, *et al.*,

                    Plaintiffs,

v.

INVENERGY LLC,

                    Defendant.
_____

**DECISION AND ORDER**

14-cv-765-JJM

        The parties have consented to my jurisdiction over this action [19],[1] and their familiarity with the relevant facts and procedural history is presumed. Plaintiffs' Amended Complaint [23] alleges that defendant Invenergy LLC's operation of its wind turbines in Wyoming County, New York constitutes both nuisance and negligence. Before the court is Invenergy's motion pursuant to Fed. R. Civ. P. ("Rule") 56 for summary judgment dismissing those claims [134]. Having reviewed the parties' submissions [134-46, 157, 158] and heard oral argument on May 24, 2022 [159], for the following reasons the motion is denied.

## DISCUSSION

        "The distinction between negligence and nuisance is not always easy to make." McCluskey v. Wile, 144 A.D. 470, 472 (1st Dept. 1911). Since Invenergy's motion does not meaningfully distinguish between the two theories, I will focus on plaintiffs' nuisance claim. The elements of a claim for private nuisance are "(1) an interference substantial in nature, (2)

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act". Copart Industries, Inc. v. Consolidated Edison Co. of New York, 41 N.Y.2d 564, 570 (1977). Invenergy "focuses on the reasonableness and substantiality of the alleged interference with Plaintiffs' use and enjoyment of their property" (Invenergy's Memorandum of Law [146] at 12), and "carries the initial burden of demonstrating that no material factual issues exist" with regard to these elements. Id. at 21.

A.  **Reasonableness of the Interference**

"An interference with the private use and enjoyment of another's land is unreasonable when the gravity of the harm outweighs the social value of the activity alleged to cause the harm." Burch v. Nedpower Mount Storm, LLC, 647 S.E.2d 879, 887 (Sup. Ct. App. W.Va. 2007); Little Joseph Realty, Inc. v. Town of Babylon, 41 N.Y.2d 738, 744-45 (1977). Invenergy argues that its wind farm "does not constitute an 'unreasonable' interference with Plaintiffs' use and enjoyment of their property" because it "is part of an overall plan adopted in New York at the state and local levels", and "[t]here is no evidence to support a finding that [it] violates the terms of its special use permit or any other relevant regulations". Invenergy's Memorandum of Law [146] at 32.

However, "the fact that a defendant is in compliance with all relevant laws will not necessarily provide a defense" to a nuisance claim. 9A New York Practice, Environmental Law and Regulation §17:8 (2d ed.); 81 N.Y. Jur. 2d Nuisances §10 ("that which is authorized by law . . . may nevertheless be a private nuisance"). For example, although "Invenergy has demonstrated its continued compliance with the Orangeville noise ordinance" (Invenergy's Memorandum of Law [146] at 31), "such compliance would not necessarily be sufficient to

avoid liability for nuisance". Davis v. Lowes HIW, 2008 WL 4787626, *1 (D. Ariz. 2008). *See* Traetto v. Palazzo, 91 A.3d 29, 34 (N.J. Sup. Ct. App. Div. 2014) ("the fact that . . . no violation of the municipal noise ordinance had occurred [does] not obviate the need for the court to consider the character, volume, frequency, duration, time, and locality of the noises in determining whether [they] unreasonably interfered with plaintiff's health or comfort").

"No hard and fast rule controls the subject, for a use that is reasonable under one set of facts would be unreasonable under another." McCarty v. Natural Carbonic Gas Co., 189 N.Y. 40, 46 (1907). "Noise alone may create a nuisance, depending on time, locality and degree" - for example where it "prevents sleep or otherwise disturbs materially the rest and comfort of the residents". Burch, 647 S.E.2d at 891. "The gravity of the harm from noises that disturb a person's sleep . . . is ordinarily much greater when the noises occur at night than it is when the noises occur in the daytime." Bravman v. Baxter Healthcare Corp., 984 F.2d 71, 75, n. 3 (2d Cir. 1993). *See also* Peters v. Moses, 171 Misc. 441, 443 (Sup. Ct. 1939), aff'd as modified, 259 A.D. 307 (1st Dept. 1940) ("noises which would not be adjudged nuisances . . . if made in the daytime, will be declared to be nuisances if made at night, and during the hours which are usually devoted by the inhabitants of that neighborhood to sleep"); Rose v. Chaikin, 453 A.2d 1378, 1382 (Sup. Ct. N.J. Chancery Div. 1982) ("[s]ince the prevailing winds keep the [wind turbines] operating more or less constantly, the noise continues night and day. Interfering, as they do, with the normal quiet required for sleep, nighttime noises are considered particularly intrusive").

Invenergy does not contend that its wind turbines are silent during sleeping hours. This factor undercuts its reliance upon Chenango, Inc. v. County of Chenango, 256 A.D.3d 793

(3d Dept. 1998), because the court in that case did not discuss whether the noise from a landfill occurred during sleeping hours.

I am also unpersuaded by Invenergy's citation to Merrick Gables Association, Inc. v. Town of Hempstead, 691 F. Supp. 2d 355 (E.D.N.Y. 2010). That case involved a claim of nuisance arising from the installation of wireless telecommunications equipment authorized by the Federal Telecommunications Act of 1996 ("FTA"). Noting that "[o]ne of the objectives of the FTA was to create a national framework to accelerate the deployment of wireless telecommunications technology" (id. at 365), and that in order to effectuate that objective, "State and local governments are *broadly preempted* from regulating the operation of personal wireless service facilities based on RF emissions considerations" (id. at 362, emphasis in original), the court reasoned that "it would be inconsistent with the FTA to subject [the provider] to liability for creating a private nuisance by installing wireless equipment that Congress has sought to promote". Id. at 365-66. Here, by contrast, Invenergy does *not* suggest that a nuisance claim is preempted - it "does not argue that completion of a comprehensive review process, even when approved as reasonable by this State's courts, creates a bar to civil suits arising from the resulting project". Invenergy's Reply Memorandum [158-3] at 9.

Accordingly, Invenergy has failed to demonstrate as a matter of law that its operation of the wind turbines is reasonable. See Newbold v. Childs Co., 148 A.D. 153, 154 (1st Dept. 1911) ("whether a given use is reasonable or not is a question of fact").

B.  **Substantiality of the Interference**

"To be substantial, the interference must not be fanciful, slight, or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable

person." Rojas v. Theobald, 2007 WL 2455133, *5 (E.D.N.Y. 2007), aff'd, 319 F. App'x 43 (2d Cir. 2009).

I previously ruled that plaintiffs' claims of "sleep deprivation, headaches, anxiety [and] teeth grinding . . . . do not require expert proof, and are adequately supported by plaintiffs' testimony". May 6, 2021 Decision and Order [127] at 1, 4. While Invenergy "does not seek to relitigate" that determination (Invenergy's Memorandum of Law [146] at 39-40), it argues that "the evidence does not support a finding that the effects alleged . . . are 'substantial'". Id. at 40.

I disagree. For example, plaintiff Lomanto testified that the noise from the wind turbines caused her to "[g]et in my car and drive away" in the middle of the night ([157-1] at 8), and plaintiff Flatt testified that the noise caused him to "tr[y] to sleep in the truck", but that "[i]t didn't work". Id. at 3.[2] While Invenergy argues "[o]ther than their own testimony, there is no evidence to support these claims" (Invenergy's Memorandum of Law [146] at 40), that argument goes to the weight of the evidence - and in deciding this motion, I "must not weigh the evidence, or assess the credibility of witnesses". Victory v. Pataki, 814 F.3d 47, 59 (2d Cir. 2016). Instead, for purposes of this motion, plaintiffs' testimony "is to be believed". S. Katzman Produce Inc. v. Yadid, 999 F.3d 867, 877 (2d Cir. 2021).[3]

That testimony creates at least a reasonable inference that the interference with plaintiffs' use and enjoyment of their property was more than "fanciful, slight, or theoretical". "If, as to the issue on which summary judgment is sought, there is *any* evidence in the record

---

[2] Invenergy's argument that this evidence is "not in admissible form" (Invenergy's Reply Memorandum [158-3] at 11) strikes me as curious. Rule 56(c)(1)(A) allows citation "to particular parts of material in the record, including depositions", and Invenergy itself entered plaintiffs' deposition transcripts into the record. See [118-7, 118-8, 118-9].

[3] Moreover, Invenergy's experts themselves recognize the possible association between wind turbines and sleep disruption, which "can adversely affect mood, cognitive functioning, and overall sense of health and well-being". See May 6, 2021 Decision and Order [127] at 2, 3.

from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Victory, 814 F.3d at 59 (emphasis added); American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981) ("[i]f the party opposing summary judgment generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate").

Therefore, Invenergy has failed to demonstrate that there is no issue of fact as to the substantiality of the interference. *See* Rojas, 2007 WL 2455133, *5 ("[w]hether or not an interference is substantial enough to rise to the level of private nuisance is a question of fact for the jury"); Williams v. Invenergy, LLC, 2016 WL 1725990, **18, 22 (D. Or. 2016) ("the record contains ample evidence to create a genuine issue of material fact on whether the audible noise, light, and vibration produced by the Willow Creek wind turbines constitutes a nuisance . . . . The cases are legion in which the extent of the interference with reasonable use and enjoyment attributable to a noise has been established by the evidence of witnesses describing the character and effect of the noise . . . . Therefore, this case shall proceed to trial on Williams's claims for nuisance based on the audible noise and vibration produced by the Willow Creek wind turbines").

However, plaintiffs may not attempt to prove diminution in the value of their properties. That claim requires expert proof, and my September 21, 2020 Decision and Order [113] struck their expert testimony in that regard.

## CONCLUSION

For these reasons, Invenergy's motion for summary judgment [134] is denied. A conference will be held on July 28, 2022 at 3:00 p.m. to discuss further proceedings, including the setting of a trial date.

Dated: July 14, 2022

/s/ Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge